UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES D. MITCHELL,
JOHN W. MITCHELL AND
JAMES D. MITCHELL, JOINT
TENANTS WITH RIGHTS OF
SURVIVORSHIP AND THE
SPECIAL NEEDS TRUST FOR
JOHN W. MITCHELL, JR.

    Petitioners,                                      CASE NO. 04-72847

-vs-                                               PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

ROBERT EDWARDS AINBINDER, JR.,
AND CANTONE RESEARCH INC.

    Respondents.
_____/

**ORDER DENYING RESPONDENT AINBINDER'S MOTION FOR SANCTIONS**

On March 10, 2005, the Court issued an Opinion and Order denying Petitioners' Petition to vacate the arbitration[1] award, and entering judgment in favor of Respondents Robert Ainbinder and Cantone Research. Presently before the Court is Respondent Robert Ainbinder's ("Ainbinder") Motion for Sanctions.

Ainbinder alleges that Petitioners have violated Federal Rule of Civil Procedure 11. Ainbinder alleges *inter alia*:

---

[1]The arbitration proceeding, from which this instant matter arose, was commenced by Petitioners against Ainbinder and Cantone and Sharpe Capital, Inc. with NASD Dispute Resolution, Inc., Case No. 01-00014, on January 2, 2001 for trading losses incurred by Petitioners. The arbitration panel determined that Respondents Ainbinder and Cantone Research were not liable to Petitioners on any of their asserted claims.

1

7. Deming has violated F.R.Civ.P. 11(b)(3) by falsely representing to the Court that the evidence was uncontroverted, unequivocal and overwhelming.

8.  Deming has violated F.R.Civ.P. 11(b)(3) because there is no factual support for his allegations that the arbitrators refused to apply governing legal principles.

9.  Deming has violated F.R.Civ.P. 11(b)(3) because there is no factual support for his allegations that the chairman of the arbitration panel was a non-public arbtitrator.

10.  The Petition and Memorandum violated F.R.Civ.P. 11(b)(2) because they improperly assert the various challenges to the arbitration process identified above that cannot be the basis for vacating an award under 9 U.S.C. § 10 or under the limited doctrine of manifest disregard of the law....

17.  Deming has violated F.R.Civ.P. 11(b)(1) by making excessive filings with the Court which have caused needless increase in the cost of litigation.

Petitioners' response provides that Ainbinder's Sanctions Motion is without merit, and requests that the Court require Ainbinder to pay him reasonable expenses and attorney's fees incurred in responding to Ainbinder's Motion.

The test for Rule 11 sanctions is whether counsel's conduct was reasonable under the circumstances.  *Union Planters Bank v. L & J Development Company, Inc.*, 115 F.3d 378, 384 (6th Cir. 1997).  Fed.R.Civ.P. 11(b)(2) requires that in all pleadings filed with the Court "the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed.R.Civ.P. 11(b)(3) requires that "the allegations and other factual contentions have evidentiary support."   In order to give a party an opportunity to avoid sanctions, Rule 11 contains a "safe harbor" provision that requires a party seeking sanctions to serve its motion on the opposing party at least 21 days prior to filing the motion.  Fed.R.Civ.P. 11(C)(1)(a).

Petitioners first contend that they were not served with Ainbinder's motion as required

under Rule 11(C)(1)(a). Ainbinder's counsel did send Petitioners' counsel two letters indicating that he intended to seek sanctions if the petition was not withdrawn. However, the Sixth Circuit has held that "Rule 11 sanction are unavailable unless the motion for sanctions is served on the opposing party ... before it is filed with or presented to the court." *Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir. 1997). The Court agrees with Petitioners that a letter is not sufficient to comply with Rule 11(C)(1)(a) and that the Sanctions Motion should have been served upon Plaintiff. Additionally, as set forth below, the Court finds that sanctions are not warranted in the instant case.

The Court notes that Petitioners claim that each of his allegations relative to the procedural and evidentiary aspects of the arbitration claim, in their own right, do not require vacation of the award. Petitioners, however, claim that the totality of his allegations require vacation of the arbitration award. The Court agrees with Petitioners' premise for the purpose of the instant Sanctions Motion, and finds that Petitioners' pleadings and contentions "are warranted by existing law or [present] a non-frivolous argument for the extension, modification, or reversal of existing law..." Fed. R. Civ. P. 11(b)(2). The Court finds that Petitioners' claims were not so unreasonable as to warrant sanctions. In making this determination, the Court notes that Rule 11 sanctions are discretionary and "should be imposed with caution." *Knipe v. Skinner,* 19 F.3d 72, 78 (2d. Cir. 1994) (citation omitted).

Ainbinder first contends that Rule 11 sanctions are warranted in regards to Petitioners' manifest disregard of the law claims. The Petitioners faced a significant burden to demonstrate that the arbitration award should be vacated on the grounds that the arbitrators manifestly disregarded the law, particularly because the arbitrators chose not to explain their decision. The

3

standard under Sixth Circuit precedent is as follows:

> Where, as here, the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the arbitration set aside faces a tremendous obstacle. If the court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside.

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros,* 70 F.3d 418, 421 (6th Cir. 1995).

Despite Petitioners' significant legal hurdle, the Court finds nothing improper in Petitioners attempting to meet such a standard. Petitioners' specific claims are discussed below.

### 1. Suitability Claims

The suitability rule provides:

> In recommending to a customer the purchase, sale or exchange of any security, a member shall have reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other securities holdings and as to his financial situation and need.

*Grosso v. Salomon Smith Barney, et al.,* 2003 WL 22657305 * 3 (E.D. Pa. 2003) (unpublished) (quoting NASD Manual, Rule 2310(a) (2003)).

The Court held that Petitioners failed to meet their tremendous obstacle to set aside the arbitration award based upon its suitability claim. However, the Court finds that Petitioners did set forth evidence supporting its claim that the securities recommended by Respondents did not comport with the stated investment objectives which were designated as "capital appreciation." Accordingly, the Court finds that Rule 11 sanctions are not appropriate.

### 2. Churning claims

Petitioners allege that the panel manifestly disregarded the law in denying liability with their excessive trading/churning claims. The Petitioners faced the same significant obstacle

because the arbitration panel did not explain the reasons for the award.  Under these circumstances, the Court held that Petitioners have failed to meet their tremendous obstacle to set aside the arbitration award.

Churning consists of three elements, all of which must be present: (1) the trading must be excessive in light of the customer's investment objectives; (2) the broker must exercise control over the account; and (3) the broker must act with intent to defraud or willful and reckless disregard of the customer's interests.  *M & B Contracting Corp. v. Dale,* 795 F.2d 531, 533 (6th Cir. 1986) (quoting *Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 767 F.2d 1498, 1501 (11th Cir. 1985).   The Court finds that Petitioners did make viable arguments in support of his position.  Specifically, Petitioners set forth a plausible argument that Respondents were liable based upon their account's turnover ratio, which was well above industry norms.  The Court ultimately found that the arbitrators did not "manifestly disregard the law" with respect to this claim based upon the evidence presented to them.  However, Petitioners' argument and churning claim were reasonable, and not deserving of sanctions.

### 3. Evident Partiality Claim and Fraud, Corruption and Undue Means Claim

Petitioners set forth a fraud, corruption and undue means claim under 9 U.S.C. §10(a)(1). The Court, in its March 10, 2005 Opinion and Order, found that the Petitioners failed to demonstrate that the arbitration award was actually procured through these alleged fraudulent misrepresentations.  The Court found that Petitioners failed to meet the Sixth Circuit's three part test as to whether an arbitration award should be vacated under §10(a)(1). The Sixth Circuit's test provides:

> (1) the plaintiff must establish fraud by clear and convincing evidence; (2) the fraud must not have been discoverable upon the exercise of due diligence prior to or during the

5

arbitration; and (3) the petitioner must demonstrate that the fraud materially related to an issue in the arbitration.

*Pontiac Trail Medical Clinic v. PaineWebber, Inc.,* 1993 WL 288301 *3 (6th Cir. July 29, 1993) (unpublished) (quoting *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir. 1988). The Petitioners did bring forth evidence demonstrating misrepresentations made to the arbitration panel. The Court, given the limited nature of its review and the lack of "exceptional circumstances" required under the applicable case law, found that Petitioners' §10(a)(1) claim failed. However, the Court finds that under these circumstances, Rule 11 sanctions are not warranted.

Petitioners also claimed partiality or misconduct among the arbitrators under Section 10(a)(2) which provides:

> In any of the following cases in the United States court, in and for the district wherein the award was made, may make an order vacating the award upon the application of any party to the arbitration -
>
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.

The Court found that Petitioners failed to demonstrate misconduct under 9 U.S.C. §10(a)(3) to justify vacating the arbitration award. Ainbinder complains of Petitioners' claim that the failure to disclose that Stephen Ormond had been selected as a non-public arbitrator in NASD DR Case No. 00-04428 caused the panel to be partial. Although the Court found this argument and Petitioners' other arguments in support of his fraud and evident partiality/misconduct claims unavailing, the Court does not find Petitioners' claims set forth worthy of sanctions. In making this determination, the Court is mindful of Petitioners' proposition that from the perspective of demonstrating bias or the ineffectiveness of the forum, the allegations, when considered in the aggregate, could conceivably serve as basis for vacating

the arbitration award.

### 4. Petitioners' Proposed Amendment

Ainbinder argues that Petitioners are liable for sanctions by virtue of his request to file an Amended Petition on October 22, 2004. The Court addressed a similar argument by Ainbinder in its March 10, 2005 Opinion and Order. The Court follows the same reasoning set forth in the March 10, 2005 Opinion and Order and declines to issue sanctions against Petitioners.

As the March 10, 2005 Opinion and Order sets forth, the Court granted Petitioners' Motion to Amend conditioned upon Petitioners paying Ainbinder's attorney fees. On December 28, 2004, Petitioners filed a response which indicated they were declining to amend their petition. This prompted Ainbinder to bring a motion requesting that Petitioners still be ordered to pay his attorney's fees for responding to Petitioners' motion for leave to amend and the Court's resulting order.

The Court's December 16, 2004 Order conditioned its granting Petitioners' Motion to Amend the Petition upon them paying Ainbinder's reasonable expenses incurred in responding to the Original Petition. The December 16, 2004 Order provided in pertinent part:

> The Court finds that the prejudice to Ainbinder is not to the degree as to warrant denial of the leave to amend given the Sixth Circuit's liberal granting policy. However, the Court grants Ainbinder's attorney's fees incurred in responding to the Original Petition because of Petitioners' extensive pleadings filed to date, and the delay *caused* by allowing the Petitioners' amendment. The Court has discretion to *condition* granting leave to amend in order to avoid prejudice to the other party. *Local 783, Allied Industrial Workers v. General Electric Co.,* 471 F.2d 751, 756 (6th Cir. 1973). The Court exercises that discretion here. Accordingly, the Court grants Petitioners' Motion to Amend *conditioned upon* Petitioners paying Ainbinder's reasonable expenses in responding to the Original Petition.

(December 16, 2004 Opinion and Order at 5) (emphasis added).

The Court's ordering of reasonable expenses was based on the fact that Ainbinder spent

considerable expense in responding to the Original Petition and would now be forced to incur more expense with Petitioners' new allegations in the Amended Petition. Consequently, the Court found that the Order allowing the Petition to be amended was conditioned upon Petitioners paying Ainbinder's expenses in responding to the Original Petition. The Court, therefore, denied Ainbinder's request for attorney's fees because Petitioners were to pay Ainbinder's reasonable expenses only if they amended their Petition. The Court finds that it has already addressed this issue in its March 10, 2005 Opinion and Order, and finds sanctions inappropriate. The Court finds that Petitioners' Motion to Amend their petition was made in good faith, and is not sanctionable.

### 5. Ainbinder's Claims of Petitioners' Excessive Filings

Ainbinder contends that Petitioners' filings have been excessive and have needlessly increased the cost of litigation. Ainbinder provides that Petitioners have filed more than 100 pages of briefing, approximately 140 pages of exhibits and the entire record of the arbitration proceeding consisting of 29 volumes of hearing records and 33 volumes of pleadings from the arbitration. Therefore, Ainbinder contends that Rule 11 sanctions are appropriate.

The Court will not issue sanctions based on Petitioners' filings with the Court. The Court notes that Petitioners' filings have been in compliance with the Local Rules of the Eastern District of Michigan. As to Petitioners filing the entire record of the arbitration proceeding, Petitioners contend that there is legal authority providing that the paucity of the record can be a basis for denying a claim for manifest disregard of the law, and when a claim of partiality is made the Court must scan the record to see if it demonstrates evident partiality. See *University*

*Commons-Urbana, Ltd. v. Universal Constructors Inc.,* 304 F.3d 1331, 1338 (11th Cir. 2002)[2] and *Sidarma Societa Italiana di Armamento Spa v. Holt Marine Industries, Inc.,* 515 F. Supp. 1302, 1306 (S.D. N.Y. 1981)[3]. The Court agrees with Petitioners, and denies Ainbinder's request for sanctions.

**6.     28 U.S.C. §1927**

The Court finds sanctions inappropriate under 28 U.S.C. §1927 which provides:

any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

(28 U.S.C. §1927).

The standard for sanctions under §1927 is met "when an attorney knows or should know that a claim pursued is frivolous." *Tareco Properties, Inc. v. Morriss,* 321 F.3d 545, 550 (6th Cir. 2003) (internal citation omitted). As set forth above, the Court finds that Petitioners presented reasonable arguments in support of their claims, and their corresponding filings with this Court were not sanctionable. Similarly, the Court finds that sanctions under §1927 are not warranted.

**CONCLUSION:**

The Court denies Ainbinder's Motion for Sanctions. Further, Petitioners' request for reasonable expenses and attorney's fees for responding to Ainbinder's Motion is denied as the Court finds that it is not warranted under the instant facts. Defendants' practices, while "sliding

---

[2] In *University Commons,* the Court held that "due to both the paucity of the record and the unsettled nature of the law...we cannot find that the arbitrators acted in manifest disregard of the law." *Id.* at 1338.

[3] In *Sidarma,* the Court provided that in an evident partiality claim, the Court "must scan the record to see if it demonstrates 'evident partiality' on the part of the arbitrators." *Id.* at 1306. (internal citation omitted).

precariously" through the arbitration process that resulted in an arbitration award in their favor, raised many eyebrows in these chambers.  While the law resulted in a ruling in Defendants favor, the Plaintiffs certainly had a basis for filing their complaint with this Court.

**SO ORDERED**

                                    s/ Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  May 13, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 13, 2005.

                                    s/Jonie Parker
                                    Case Manager