UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES D. MITCHELL,
JOHN W. MITCHELL AND JAMES
D. MITCHELL, JOINT TENANTS
WITH RIGHTS OF SURVIVORSHIP
AND THE SPECIAL NEEDS TRUST
FOR JOHN W. MITCHELL, JR.,

        Petitioners,        No. 04-CV-72847

                              HONORABLE PAUL D. BORMAN
v.                             UNITED STATES DISTRICT JUDGE

ROBERT EDWARDS AINBINDER, JR.,
AND CANTONE RESEARCH INC.,

        Respondents,
_____/

## OPINION AND ORDER DENYING RESPONDENT CANTONE RESEARCH'S MOTION FOR BOND FOR COST ON APPEAL

     Before the Court is Respondent Cantone Research Inc.'s Motion for Bond of Cost on Appeal filed on February 27, 2006 (Docket No. 60). For the following reasons, the Court **DENIES** Defendant's Motion.

## BACKGROUND

     The present motion arises from a March 10, 2005 decision of this Court denying the Petitioner's Motion to Vacate an Arbitration Award (Docket No. 41). The underlying arbitration dispute involved alleged violations of federal and state securities laws as well as common law claims including unsuitability, churning, unauthorized trading, fraud and breach of fiduciary duty. On May 3, 2004, the Arbitration Panel dismissed all of Petitioner's claims. On July 28,

1

2004, Petitioners filed a motion in this Court to vacate the decision of the Arbitration Panel. On March 10, 2005, this Court denied that motion. On April 7, 2005 Petitioners filed their Notice of Appeal.

Respondents filed a Motion for Bond for Costs on Appeal pursuant to Federal Rules of Appellate Procedure 7 and 39 ("FRAP") on February 27, 2006 (Docket No.60). Respondents essentially argue that since the appeal will most likely not succeed it should be entitled to its costs, including preparation of their responses to the appeal as well as potential travel costs to the Sixth Circuit. On March 9, 2006, Petitioners filed their response (Docket No. 62).

Petitioners argue the following: (1) The motion is untimely, (2) Respondents violated LR 7.1(2)(A) by not seeking concurrence in its motion, (3) Travel costs are not taxed against unsuccessful litigants under the FRAP, and (4) FRAP 7 only allows attorneys fees and other costs to be included in the taxable costs if the underlying statute provides it.

## ANALYSIS

A district court has discretion whether to order an appellant to file a bond to ensure payment of costs on appeal. Federal Rule of Appellate Procedure 7 ("FRAP") provides in relevant part:

> In a civil case, the district court may require an appellant to file a bond or to provide other security in any form and amount necessary to ensure payment of costs on appeal.
>
> FRAP 39 specifies the types of taxable costs that a district court may impose:
>
> (e) The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
> (1) the preparation and transmission of the record
> (2) the reporter's transcript, if needed to determine the appeal
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
> (4) the fee for filing the notice of appeal.

28 U.S.C. § 1920 specifies additional costs including *inter alia* fees for the clerk, marshals, court reporters, witnesses, copies, docket fees, and court-appointed experts.

The Sixth Circuit has held that the "costs" calculated under Rule 7 were to be defined by "reference to the statute underl[ying] the lawsuit." *In re* Cardizem CD Antitrust Litigation, 391 F.3d 812, 816 (6th Cir. 2004). *In re* Cardizem involved a suit based on the Tennessee Consumer Protection Act that explicitly provided the imposition of attorney's fees. *Id*. at 817. The court held that the district court was entitled to include attorney's fees in the bond amount. *Id*. at 818. One other district court in the Sixth Circuit has held that a FRAP 7 bond cannot encompass fees "unless the statutory basis for the underlying action provides such an award." *In re* Miller, 325 B.R. 178, 180 (Bankr. W.D. Ky. 2005).

In the instant appeal, the underlying statute is the Federal Arbitration Act, 9 U.S.C. §§ 1-16, which does not provide any particular cost for a prevailant. Respondents motion the court to impose an appeal bond on the Petitioners for (a) the costs of responding to the appeal and (b) any potential travel expenses to the court. Respondents estimate that the costs would be less than $3,000 per representative.

Petitioners make the following arguments:

(1) The Motion is untimely
(2) The Respondents violated LR 7.1(2)(A) by not seeking concurrence in its motion
(3) Travel costs are not taxed against unsuccessful litigants under the FRAP. and
(4) FRAP 7 only allows attorneys fees and other costs to be included in the taxable costs if the underlying statute provides it.

While it is true that Respondents waited for ten (10) months after the Notice of Appeal to file its motion, Rule 7 does not contain any particular restriction on the time to file. Furthermore, Petitioners are correct that Respondents did not seek concurrence in its motion in violation of LR

3

7.1(2)(A).

More importantly, Petitioners are correct in their assertion that a district court may only include in an appeal bond those categories listed in FRAP 39(e) and 28 U.S.C. § 1920, in addition to any remedy that the underlying statute involved in the litigation may provide. *See In re* Cardizem, 391 F.3d at 816-18. Respondents cite no authority that a district court has the authority to impose travel expenses to a court of appeals as a taxable cost within its authority. Petitioners assert that it has and will bear the cost of the fees associated with the filing of the notice of appeal, preparing the transcript, transmittal of the record, and preparation of the appendix. Petitioners lastly point out that the only real expense for the Respondents that may be taxable are copying and printing costs of the briefs for appeal. Since these costs are nominal and since the Sixth Circuit has authority to assess taxes against a losing party pursuant to the federal appellate rules, this Court will not exercise its discretion to order a bond for appeal in favor of the Respondents.

Therefore, the Court **DENIES** Defendant Cantone Research Inc.'s Motion for Bond for Cost on Appeal.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 11, 2006.

                                              s/Denise Goodine
                                              Case Manager